IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-20-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PABLO LOPEZ-VASQUEZ, )<br>)<br>Defendant. ) | **ORDER** |

On July 14, 2014, pursuant to a plea agreement [D.E. 25], Pablo Lopez-Vasquez ("Lopez-Vasquez") pleaded guilty to possession with the intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a)(1). See [D.E. 24–25]; Rule 11 Tr. [D.E. 36]. On October 14, 2014, the court held Lopez-Vasquez's sentencing hearing. See Sentencing Tr. [D.E. 37]. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR") and ruled on one objection to the PSR. See id. 5–8; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Lopez-Vasquez's total offense level to be 25, his criminal history category to be II, and his advisory guideline range to be 63–78 months. See Sentencing Tr. 6–8. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lopez-Vasquez to 63 months' imprisonment. See id. 18–24.

Lopez-Vasquez appealed. See [D.E. 32]. On June 15, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Lopez-Vasquez's plea agreement and dismissed Lopez-Vasquez's appeal. See [D.E. 39]. Lopez-Vasquez timely filed a petition for certiorari. On November 2, 2015, the Supreme Court of the United States denied Lopez-Vasquez's petition. See Lopez-Vasquez v. United States, 136 S. Ct. 423 (2015).

On June 24, 2015, Lopez-Vasquez filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 42]. On March 30, 2016, the government responded in opposition. See [D.E. 45]. Lopez-Vasquez's new advisory guideline range is 51–63 months' imprisonment based on a total offense level of 23 and a criminal history category of II. See Resentencing Report. Lopez-Vasquez requests a 51-month sentence. See id.

The court has discretion to reduce Lopez-Vasquez's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Lopez-Vasquez's sentence, the court finds that Lopez-Vasquez engaged in serious criminal conduct involving methamphetamine. See PSR ¶¶ 4–6. His offense conduct also included nearly hitting a police officer with his car and driving while intoxicated. See id. ¶ 4. Furthermore, Lopez-Vasquez's criminal history includes a conviction for possession with intent to sell and deliver methamphetamine and possession with intent to sell and deliver cocaine. See id. ¶ 10. Moreover, while incarcerated on his federal sentence, Lopez-Vasquez has not made any payments towards his financial obligation. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Lopez-Vasquez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Lopez-Vasquez's sentence would threaten public safety in

2

Case 4:14-cr-00020-D    Document 46    Filed 06/30/16    Page 2 of 3

light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Lopez-Vasquez's serious criminal conduct and criminal history do not support reducing Lopez-Vasquez's sentence. Thus, the court denies Lopez-Vasquez's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Lopez-Vasquez's motion for reduction of sentence [D.E. 42] is DENIED.

SO ORDERED. This 30 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge